SCOTT TALKOV, State Bar No. 264676
CHRISTOPHER M. KIERNAN, State Bar No. 319804
**TALKOV LAW CORP.**
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com
       chris@talkovlaw.com

Counsel for Defendant Steve Chou

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>STEVE CHOU,<br><br>          Debtor.<br><hr>LULAI XIA,<br><br>          Plaintiff,<br><br>   vs.<br><br>STEVE CHOU,<br><br>          Defendant. | Case No. 2:21-bk-18006-ER<br><br>Adv. No. 2:22-ap-01024-ER<br><br>**Chapter 7**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**<br><br>**Hearing on Motion to Dismiss**:<br><br>Date:     April 5, 2022<br>Time:    10:00 a.m.<br>Ctrm:    1568<br>Location: 255 E. Temple Street,<br>                Los Angeles, CA 90012 |

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF AND HER COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:

**PLEASE TAKE NOTICE** that, on April 5, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, a hearing will be conducted before the Honorable Ernest M. Robles, United States Bankruptcy Judge, in Courtroom 1568 of the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, CA 90012, to consider the motion (the "Motion") of Defendant Steve Chou to dismiss the complaint [Adv. Dkt. No. 1] (the "Complaint") of Plaintiff Lulai Xia, pursuant to Rules 7012, 7009, and 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 12(b)(6), 9(b), and 8(a)(2) of the Federal Rules of Civil Procedure (the "Rules"). As further set forth in the Memorandum of Points and Authorities, Plaintiff fails to adequately plead facts to sufficiently state a plausible claim against Defendant and fails to meet the requirement that allegations of fraud under 11 U.S.C. § 727 and 523(a)(2)(A) be pleaded with particularity.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and all pleadings and papers on file in this adversary proceeding and the underlying bankruptcy case, and such other and further evidence and argument that may be presented at the time of any hearing on this matter.

PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(c)(2) requires that any response to the Motion be filed with the Bankruptcy Court and served upon counsel for the Defendant at the addresses appearing in the caption page to this Notice at least fourteen (14) days before the hearing hereon. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve a written opposition may be deemed by the court to be consent to the granting of the relief requested in the Motion.

DATED: February 18, 2022      TALKOV LAW CORP

By: _____
Christopher M. Kiernan
Counsel for Defendant Steve Chou

- 1 -
**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................................- 3 -

**I.    INTRODUCTION AND STATEMENT OF FACTS** ......................................................- 3 -

**II.   APPLICABLE LEGAL STANDARDS** ............................................................................- 4 -

  A.  Plaintiff's Claims Under Sections 727(a)(2)(A) and 727(a)(3) Must State a Facially Plausible Claim ..........................................................................................................................- 4 -

  B.  Plaintiff's Claims Under Sections 523(a)(2)(A) and 737(a)(4)(A) Must Meet the Plausibility Standard and the Heightened Pleading Standard Applicable to Allegations of Fraud..........- 5 -

**III.  ARGUMENT** ........................................................................................................................- 6 -

  A.  The Complaint Fails to State With Particularity the Allegations of Fraud to State a Claim Under Section 523(a)(2)(A) ..................................................................................................- 6 -

  B.  The Complaint Fails to State With Particularity the Allegations of Fraud to State a Claim Under Section 727(a)(4)(A) ..................................................................................................- 9 -

  C.  The Complaint's Allegations Relating to Plaintiff's Section 727(a)(2)(A) Claim Fails to State a Plausible Claim for Relief .......................................................................................- 10 -

  D.  The Complaint's Causes of Actions Under 727(a)(3) Relies on Bald Assertions that Fail to State a Plausible Claim for Relief .......................................................................................- 11 -

**IV.   CONCLUSION** .................................................................................................................- 12 -

**TALKOV LAW**
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Lulai Xia's ("Plaintiff") complaint (the "Complaint") alleges a claim for nondischargeability under 11 U.S.C. § 523(a)(2)(A) and various claims objecting to discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), and (a)(4), against Defendant Steve Chou ("Defendant"), arising from a June 30, 2015, promissory note (the "Note"). Under the Note, Plaintiff loaned Defendant the principal sum of $800,000, for a term of three years with interest thereon at the rate of 8.5% per annum, less related expenses. Adv. Dkt. No. 1, Ex. A. The principal plus interest was due and payable to Defendant on June 30, 2018, for a total amount due of $1,021,831.00. Adv. Dkt. No. 1, ¶ 29.

The Complaint tells the relatively common story of long-time friends whose relationship soured due to a failed business relationship. Indeed, the tone of the Complaint's allegations belies the impression that Defendant absconded with the entirety of Plaintiff's $800,000 loan. That is not the case. In fact, within six months of the expiration of the Note's term, Defendant paid Plaintiff $849,978.00 of the $1,021,831.00 – equaling 83% of the amount owed – with $171,853 remaining due under the Note. Adv. Dkt. No. 1, ¶ 36. Not only did Defendant repay the entire principal amount on the Note, but Plaintiff also received over a 6% return. *See id*.

Whatever interpersonal issues still exist between Plaintiff and Defendant, those feelings cannot turn "what appears to be a garden-variety contract claim" into a fraud claim necessary to state a claim under Sections 523(a)(2)(A), 727(a)(4), and 727(a)(2). *See In re Seunghwan Jeong*, No. 8:18-AP-01169-ES, 2020 WL 3048195, at *5. Similarly, the Plaintiff cannot throw unrelated allegations into a pile to create claims that meet the plausibility standard without the necessary factual allegations to connect these allegations to a cognizable legal theory.

Accordingly, and as explained further below, each of Plaintiff's claims fail to survive the applicable pleading standards to state a claim, and the Complaint should be dismissed.

/ / /

/ / /

/ / /

## II. APPLICABLE LEGAL STANDARDS

While not entirely clear, the Complaint appears to set forth claims for relief under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 727(a)(2), (a)(3), and (a)(4). The Plaintiff must meet both the plausibility standard and the heightened pleading standard under Rules 7008, 7009 and 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rules 8(a)(2), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), to state a claim and survive this motion to dismiss.

### A. Plaintiff's Claims Under Sections 727(a)(2)(A) and 727(a)(3) Must State a Facially Plausible Claim

A Rule 12(b)(6) motion to dismiss for failure to state a claim "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *In re Lockhart-Johnson*, 631 B.R. 38, 47 (B.A.P. 9th Cir. 2021) (quoting *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). "In addition, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); Fed. Rule Civ. Proc. 8(a)(2)).

Rule 8 sets forth the baseline pleading standard, providing that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

To do so, a plaintiff must allege "enough facts to state a claim that is plausible on its face," not just conceivable. *Yack v. Washington Mutual Inc.*, 389 B.R. 91, 95 (N.D. Cal. 2008) (citations omitted) (citing *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

relief.'" *Iqbal*, 556 U.S. at 678. And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. Although the Court must accept as true the plaintiff's factual allegations, the plaintiff is not afforded this presumption with respect to legal conclusions. *Id*. ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

### B. Plaintiff's Claims Under Sections 523(a)(2)(A) and 737(a)(4)(A) Must Meet the Plausibility Standard and the Heightened Pleading Standard Applicable to Allegations of Fraud

"A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. ... Because a dismissal . . . for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

In the context of a section 523(a)(2)(A) complaint, the Ninth Circuit BAP explained that "'[i]n alleging fraud ... a party must state with particularity the circumstances constituting fraud....' The court may disregard any fraud allegations that do not satisfy Civil Rule 9(b)'s particularity requirement." *In re Craciun*, No. ADV 12-01158-BB, 2014 WL 2211742, at *5 (B.A.P. 9th Cir. May 28, 2014) (quoting *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir.2010). Indeed, "'<u>a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction</u>. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "To meet this standard, [a] complaint must identify the who, what, when, where, and how of the misconduct charged...." *In re Craciun*, 2014 WL 2211742, at *5 (internal quotations and citations omitted). "Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010).

///

### III.    ARGUMENT

The Complaint alleges two named causes of action: (1) nondischargeability under 11 U.S.C. § 523(a)(2)(A); and (2) objection to discharge under 11 U.S.C. § 727. As to the objection to discharge cause of action under 11 U.S.C. § 727, it appears that Plaintiff is attempting to state three separate claims under subsections 727(a)(2)(A), (a)(3), (a)(4)(A) based on the recitation of the statutory language. *See* Adv. Dkt. No. 1, ¶¶ 80-82.

As explained further below, the Complaint's claims rely on conclusory allegations of fraudulent inducement, omissions, and representations that fail to meet both the heightened pleading standard applicable to Plaintiff's claims under Section 523(a)(2)(A) and 727(a)(4) and the plausibility standard applicable to all claims. Accordingly, the Complaint should be dismissed.

### A. The Complaint Fails to State With Particularity the Allegations of Fraud to State a Claim Under Section 523(a)(2)(A)

Section 523(a)(2)(A) provides that a debtor is not discharged from a debt that was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." "To state a claim for fraud under § 523(a)(2)(A), the plaintiff needs to allege and prove: '(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.'" *In re Seunghwan Jeong*, No. 8:18-AP-01169-ES, 2020 WL 3048195, at *5 (B.A.P. 9th Cir. June 2, 2020) (quoting *Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1050 (9th Cir. 2014)).

Here, the Complaint attempts to turn a breach of contract claim into a claim for fraud by inserting allegations that merely suggest a possibility of fraudulent conduct in between layers of neutral allegations that explain explain the events and circumstances surrounding the parties' transactions. *See* Dkt. No. 1, ¶¶ 39-52. Specifically, the Complaint's neutral allegations explaining the circumstances of the transaction set forth the following timeline of the parties' transactional history:

- In 2008 Plaintiff "loaned" or invested money with Defendant to be used by his company as funding for high interest loans. *See* Dkt. No. 1, ¶¶ 14-15.;
- Between 2008 and 2015, Plaintiff made additional "loans" or investments to Defendant with the prior loans being rolled into the new loan. Dkt. No. 1, ¶¶ 18-19. During this period, "Defendant timely paid Plaintiff all interest payments" on the loans. *Id*.
- On June 30, 2015, Defendant and Plaintiff entered into the operative promissory note (the "Note"), with a principal sum of $800,000, and interest at the rate of 8.5% per annum, with the principal and accrued interest to be paid in one balloon payment at the end of the loan term, June 30, 2018. Adv. Dkt. No. 1, ¶ 28;
- By December 2018, Defendant paid Plaintiff $849,978.00 of the $1,021,831.00, leaving $171,853 due and owing, or eighty-three percent (83%) of the amount owed with Plaintiff receiving over a six percent (6%) return on the principal. Adv. Dkt. No. 1, ¶ 36.

Inserted at seemingly random intervals in the transaction timeline are allegations that merely suggest the possibility of fraudulent conduct, conclusory allegations based on "information and belief", contradictory allegations, or formulaic recitations of the elements of fraud [Adv. Dkt. No. 1, ¶¶ 46-52]. None of these standalone allegations are alleged with sufficient particularity.

By example, Plaintiff alleges that: "Defendant induced Plaintiff to loan him money by repeatedly and falsely claiming that he owned a successful investment company and that Plaintiff's funds would be safe and secure" and that he "testified at the 2004 examination on January 14, 2022 ('2004 Examination') that there was no such company and that, although he drafted and signed the Note, his role is only that of a guarantor." Dkt. No. 1, ¶¶ 39-40. Yet, the Complaint also contains allegations related to Defendant's company, Laurus International Investment, Inc. ("Laurus"), which was founded in 2001 and, based on the Complaint's allegations, is a real estate investment company. *See* Dkt. No. 1, ¶ 55. Notably absent from the Complaint are any (necessary) allegations relating to: (1) whether Laurus was the company referenced by Defendant; (2) how the claims were false, i.e., whether the claims were false because no such company existed, a company existed but was not

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

- 7 -
**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

successful, or a company existed but Defendant was not the owner; (3) the specific point in time Defendant made the alleged claims that he owned a successful investment company, which is necessary considering the length of the parties business relationship and the success of the company may have fluctuated; or (4) how Defendant managed to keep Plaintiff entirely unaware of this alleged misrepresentation for 12 years, including during Plaintiff's months long stay in Defendant's home [*See* Adv. Dkt. No. 1, ¶ 7].

Further, the Complaint fails to explain how Defendant was able to pay $849,978.00 on the Note if the entirety of Defendant's claims were false, or what Defendant otherwise did with Plaintiff's funds to enable him to repay the principal plus 6%. Adv. Dkt. No. 1, ¶ 36. Under Plaintiff's "fraud" theory, Defendant engaged in years of fraudulent conduct which cumulated in a calculated fraudulent scheme where Defendant intended – at the time of entering into the Note – to repay Plaintiff all but the precise amount of $171,853 of the amount owed. It is hard to believe that Defendant had the foresight and diligence to follow through on those alleged intentions.

Moreover, the Plaintiff arbitrarily inserts the allegation that: "Defendant testified at the 2004 examination on January 14, 2022 ('2004 Examination') that there was no such company and that, although he drafted and signed the Note, his role is only that of a guarantor." Adv. Dkt. No. 1, ¶ 40. As the Note only identifies the Plaintiff and Defendant as the contracting parties and does not contain any language indicating that there was a guarantor, it is unclear what relevance that allegation has to any claim in the Complaint. Adding to the confusion, the Complaint fails to explain why the Note is dated June 30, 2015, but the notary acknowledgment form is dated November 6, 2017 [Adv. Dkt. No. 1, Ex. A, p. 21]. If anything, these allegations raise more possibilities of misrepresentations on the part of Plaintiff, not Defendant.

In reality, the Complaint alleges "what appears to be a garden-variety contract claim." *In re Seunghwan Jeong*, No. 8:18-AP-01169-ES, 2020 WL 3048195, at *5. But the story of Defendant's failure to meet the entirety of his contractual obligations does not satisfy the particularity standard for fraud claims nor does it state a plausible claim for relief under Section 523(a)(2)(A). Therefore, the first cause of aciton must be dismissed.

### B. The Complaint Fails to State With Particularity the Allegations of Fraud to State a Claim Under Section 727(a)(4)(A)

Section 727(a)(4)(A) provides that a debtor will not receive a discharge if the debtor knowingly and fraudulently, in or in connection with the case, if the debtor "made a false oath or account". "The fraud provision of § 727(a)(4) is similar to common law fraud, which the Ninth Circuit has described as follows:

> The creditor must show that (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditors; (4) that the creditors relied on such representations; (5) that the creditors sustained loss and damage as the proximate result of the representations having been made.

The intent required for finding that the debtor has acted fraudulently under § 727(a)(4)(A) with respect to a false oath must be actual intent: constructive fraudulent intent cannot be the basis for the denial of a discharge." *In re Roberts*, 331 B.R. 876, 884 (B.A.P. 9th Cir. 2005), aff'd and remanded, 241 F. App'x 420 (9th Cir. 2007).

Here, the Plaintiff exhibits a misunderstanding of the distinction between a Section 727 objection to discharge claim and a Section 523 nondischargeability claim. Indeed, Section 727 claims require a showing that the debtor made false representations with the intentions and purpose of deceiving creditor**s**, that the creditor**s** relied on such representations, and that the creditor**s** sustained loss and damage as the proximate result of the representations having been made. Yet, the Plaintiff relies on a litany of alleged statements made by Defendant at the 2004 examination (while failing to attach the 2004 exam transcript) on January 14, 2022 [Dkt. No. 17] to support her claim. *See* Adv. Dkt. No.1, ¶¶ 63-74. As the rest of Defendant's creditors were not in attendance for the 2004 examination, the Plaintiff's allegations fail to establish any of the last three elements of fraud required under Section 727(a)(4)(A).

Notwithstanding the fact that Plaintiff fails to plead any allegation of a "false oath" with particularity, the allegations relating to the 2004 exam have no relevance to the entire creditor body. Even if Plaintiff was exceedingly generous and ordered and delivered the 2004 exam transcripts to every creditor, there are no allegations that Defendant: (1) intended to deceive the creditors that were

- 9 -
**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

absent from his 2004 exam; (2) that the creditors had knowledge of these statements and relied on these representations; or (3) what damage these representations caused the creditors. Indeed, none of the allegations relate to any information that would be contained on the Defendant's Bankruptcy Petition, statement of financial affairs, or any other document in the bankruptcy case.

As the Complaint fails to allege facts relating to any creditor other than Plaintiff, Plaintiff's claim under Section 727(a)(4)(A) should be dismissed.

### C. The Complaint's Allegations Relating to Plaintiff's Section 727(a)(2)(A) Claim Fails to State a Plausible Claim for Relief

Section 727(a)(2)(A) provides that a debtor shall not be granted a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-- (A) property of the debtor, within one year before the date of the filing of the petition . . .."

Similar to Plaintiff's claim under Section 727(a)(2)(4), the Complaint's allegations in support of Plaintiff's claims under Section 727(a)(2)(A) follow a pattern of alleging (without a 2004 exam transcript) that an answer during the exam supports a plausible claim for relief. But the Complaint's naked assertions do not state a plausible claim for relief, nor does "a mere recitation of the statutory language, . . . state a cause of action under Bankruptcy Code section 727(a)." *In re Jenkin*, 83 B.R. 733, 735 (B.A.P. 9th Cir. 1988).

Ostensibly, the allegations relevant to this cause of action are contained in Paragraphs 53 through 58, under the heading "NONEXEMPT PROPERTY SOLD BELOW MARKET PRICE", relating to Defendant's sale of the property commonly known as 1561 Leland Street, Beaumont, California (the "Beaumont Property"). Defendant sold the Beaumont Property to Opendoor, a company specializing in purchasing residential properties with the intention of profiting on the purchase via a short-term resale, for $408,000 in March of 2021. *See* Adv. Dkt. No. 1, ¶¶ 53-58. To support the Section 727(a)(2)(A) claim, Plaintiff alleges that Opendoor sold the Beaumont Property "just three months later" for a purchase price of $455,000 and that the Defendant "was aware that

Beaumont Property was sold during one of the hottest seller's market in history." Adv. Dkt. No. 1, ¶¶ 56, 58. From these allegations, Plaintiff presumably seeks to create an inference that since the Property was sold for $47,000 more three months after Defendant sold the Property, Defendant's sale of the Property was with the intent to hinder, delay, or defraud his creditors.

However, these allegations only create various "possibilities" that are not sufficiently plausible to survive a motion to dismiss. Indeed, the allegations supporting Plaintiff's Section 727(a)(2)(A) are premised on Defendant's knowledge and certainty that a future event would occur, i.e., that the real estate market would continue to increase at its rapid pace. But a plausible claim for relief cannot be based on the occurrence of future event that is inherently speculative and unpredictable, such as the real estate market. A market's rise is not a perpetual event, and it is just as possible that Defendant believed that the "hottest real estate market on record" would not maintain its record pace over the next few months, that it would decline, or that it would crash, as it is that it would continue to increase at record rates. And conspicuously absent from the Complaint is any affirmative allegation that Defendant sold the Property at below market value, likely because the rise in Property value paralleled the rise in values of all single-family residential properties. In fact, if the Complaint's allegations were sufficient to state a cause of action under Section 727(a)(2)(A), then Opendoor would be susceptible to the same cause of action if it declared bankruptcy as the Beaumont Property is valued by public websites like Zillow and Redfin at $80,000 to $100,000 more today than it was when Opendoor sold the Property less than eight months ago.

Because allegations that Defendant mistimed the real estate market do not state a plausible claim under section 727(a)(2)(A), it should be dismissed.

### D. The Complaint's Causes of Actions Under 727(a)(3) Relies on Bald Assertions that Fail to State a Plausible Claim for Relief

Section 727(a)(3) provides that a debtor will not receive a discharge if it is shown that the debtor: "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial

condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

Here, the allegations in support of Plaintiff's objection to discharge claim under Section 727(a)(3) similarly relies on Plaintiff's opaque recollection of Defendant's testimony during the 2004 examination. *See* Adv. Dkt. No.1, ¶¶ 63-74. As Plaintiff failed to attach the 2004 examination transcript to the Complaint, it is unknown whether Plaintiff had a justifiable excuse for failing to obtain the documents listed in the Complaint. It is certainly possible that Defendant failed to keep or preserve documents that evince Defendant's financial condition. It is also possible that Defendant has a justifiable excuse for not obtaining those documents in time for the 2004 examination. What is certain is that the Complaint's allegations, without further factual enhancement, fail to state a plausible claim for relief and must be dismissed.

## IV.    CONCLUSION

As set forth above, Plaintiff failed in her attempt to mold a breach of contract claim into plausible claims for relief under Sections 523(a)(2)(A), 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A), and failed to meet the particularity standard for the claims grounded in fraud under Sections 523(a)(2)(A) and 727(a)(4)(A). Accordingly, Plaintiff respectfully requests that that the Complaint and each cause of action therein be dismissed without leave to amend.

DATED: February 18, 2022                TALKOV LAW CORP.

By: _____
Christopher M. Kiernan
Attorneys for Defendant Steve Chou

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:19800 MacArthur Blvd Ste 300, Irvine, CA 92612.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 18, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

OFFICE OF U.S. TRUSTEE: United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
PLAINTIFF'S ATTORNEY: Dana Moon, wk@moondorsett.com
CHAPTER 7 TRUSTEE: Carolyn A Dye, trustee@cadye.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 18, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 18, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**VIA OVERNIGHT MAIL**
United States Bankruptcy Court for the Central District of California
The Honorable Ernest M. Robles, United States Bankruptcy Judge
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 18, 2022 | Christopher M. Kiernan | _/s/ Christopher M. Kiernan_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE