Dana Moon (SBN 185154)
MOON & DORSETT, P.C.
445 South Figueroa Street, Suite 2900
Los Angeles, CA 90071
wk@moondorsett.com
Phone: 213-380-1526

Attorneys for Creditor/Plaintiff
LULAI XIA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| In Re: | ) Case No.: 2:21-bk-18006-ER |
|---|---|
| | ) |
| | ) Chapter 7 |
| STEVE CHOU, | ) |
| | ) Adv. No. 2:22-ap-01024-ER |
| Debtor. | ) |
| | ) PLAINTIFF'S MEMORANDUM OF POINTS |
| LULAI XIA, | ) AND AUTHORITIES IN OPPOSITION TO |
| | ) DEFENDANT'S MOTION TO DISMISS |
| Plaintiff. | ) |
| vs. | ) Date: April 5, 2022 |
| | ) Time: 10:00 a.m. |
| STEVE CHOU, | ) Ctrm: 1568 |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff LULAI XIA ("Plaintiff") hereby submits her Memorandum of Points and Authorities in Opposition to Defendant STEVE CHOU ("Defendant")'s Motion to Dismiss ("Motion").

Defendant and his counsel are advised that any reply must be filed with the court and served on the responding party not later than seven days prior to the hearing on the motion. (CD CA LBR 9013-1(f)(2).)

I.     COMPLAINT ADEQUATELY PLED SUFFICIENT FACTS TO STATE A CLAIM.

Motion contends that Plaintiff's complaint ("Complaint") states only "labels and conclusions" or "formulaic recitation of elements of a cause of action" and that there are not enough facts to state a claim that is "plausible on its face." This contention is without merit.

Defendant seeks to impose at the pleading stage a showing that is reserved for summary judgment, even arguing that the 2004 hearing transcript should have been attached to Complaint. In satisfying Rule 9(b)'s particularity standard, a "Plaintiff need not prove every factual detail supporting its fraud claim." (*S.E.C. V. Ficeto* (C. D. Cal. 2011) 839 F. Supp. 2d 1101, 1105.) The Ninth Circuit Court of Appeals has held that Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ...so that they can defend against the charge and not just deny that they have done anything wrong.'" (*Bly-Magee v. Cal.* (9th Cir. 2001) 236 F.3d 1014, 1019 (quoting *Neubronner v. Milken* (9th Cir. 1993) 6 Fl.3d 666, 671.) Complaint here is specific enough to give notice to Defendant of the particular misconduct.

In selectively attacking Complaint's allegation, Defendant also ignores the requirement to read "the complaint as a whole. . . rather than isolating allegations and taking them out of context." (*Am. Int'l Grp., Inc. v. Countrywide Fin. Corp.* (C. D. Cal. 2012) 834 F. Supp. 2d 949, 952 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* (2007) 551 U. S. 308, 322.) Additionally, in considering a motion to dismiss based on Rule 12(b)(6), a court must take all allegation of material fact as true and construe them in the light most favorable to the nonmoving party. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft v. Iqbal* (2009) 556 U. S. 662.)

To support its contention, Motion erroneously claims without citation that Complaint refers to Laurus International Investment, Inc. ("Laurus") as a "real estate investment company." Nowhere in the Complaint, however, is Laurus referred to as an "investment company." Rather, in

Plaintiff's Memorandum in Opposition to Motion to Dismiss

the Complaint, Laurus is described as his real estate corporation and a real estate brokerage to which Defendant deposited his commission earned from selling his nonexempt Beaumont property. (Complaint ¶¶ 66, 73.) Additionally, nowhere in the complaint is the Laurus described as the investment company that invested Plaintiff's funds.

"To avoid dismissal for inadequacy under Rule 9(b), complaint need[s] to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." (*Edwards v. Marin Park, Inc.* (9th Cir. 2004) 356 F.3d 1058, 1066.) Here, the required specifics are stated in Complaint.

Contrary to Motion's contention, Complaint is specific as to when and where Defendant made the representation regarding the investment company that would invest Plaintiff's funds – in 2008 at his own home by his wife and subsequently several times via telephone by himself to induce Plaintiff to lend him money. (*Id.* ¶¶ 10, 11-17.) Complaint is also specific as to Defendant's testimony when asked about the successful investment company Defendant owned that he described to Plaintiff: Defendant testified at his 2004 examination that "there was no such company and that, although he drafted and signed the Note, his role is only that of a guarantor," and not that of the investor. As Complaint alleges, Defendant testified that it was another person, who invested Plaintiff's funds, but testified that Defendant could not disclose the identity of that investor. (*Id.* ¶¶ 39-41.)

Complaint states that Plaintiff was induced "by Defendant's promises of secure funds and high interest" and that Defendant told Plaintiff, in or about spring of 2008, that he owned "a successful investment company" and that his operation was "carefully studied and tested" and guaranteed with real estate collateral. (*Id.* ¶¶ 7-17.) Defendant's representations upon which Plaintiff relied were false in that Defendant never owned any investment company and that Defendant never intended to comply with the promissory note's articulated promise to repay the loan on time, or to indemnify Plaintiff for any tax liabilities arising from the loan. (*Id.* ¶¶ 39-46.)

1    Complaint further states that Plaintiff thus began lending Defendant money in 2008, but
2 Defendant never paid any principal sum, with each loan rolling over into the next. (*Id.* ¶¶ 18-25.)
3 When the predecessor notes became due in May of 2015, Defendant again asked the loans to be
4 rolled into a new one and requested to borrow more money, with the new promissory note ("Note")
5 signed on June 30, 2015 with the principal sum of $800,000.00, payable on June 30, 2018 with
6 interest thereon at the rate of 8.5% per annum less related expenses. (*Id.* ¶¶ 18-28.)

7    Complaint also states that Defendant failed to pay when Note became due on June 20, 2018,
8 and threatened to default on the Note and file for bankruptcy if Plaintiff did not agree to a reduced
9 sum, insisting that the total amount due should be reduced by $167,381.00 in purported taxes
10 Defendant allegedly paid (although Note specifies that Defendant indemnify Plaintiff on all tax
11 liabilities arising from the loan) and $4,652.00 for 3 years of life insurance premiums prorated at
12 60% without showing any proof of actual payment of taxes, insurance premiums, or insurance
13 policies. (*Id.* ¶¶ 33, 37, 42.)

14    As indicated in Complaint, Defendant arbitrarily and unilaterally deducted these purported
15 expenses from the amount due, while not timely paying the loan when promised, culminating in the
16 final payment in December of 2018, leaving a balance of $171,853.00, not including interest or other
17 items. (*Id.* ¶ 36.)

18    II.    COMPLAINT STATED SUFFICIENT FACTS TO STATE PLAINTIFF'S
19           OBJECTION TO DISCHARGE

20    Motion contends that Complaint fails to state sufficient facts since no creditors attend the
21 2004 examination and the transcript of the 2004 examination was not attached to Complaint, or
22 delivered to other creditors. This contention is without merit. The false statements were made
23 primarily in Defendant's bankruptcy petition ("Petition"). As indicated in Complaint, the 2004
24 examination revealed that Defendant made false statements under oath in his Petition.

25

Complaint alleges that Defendant sold his nonexempt property at 1561 Leland St., Beaumont, CA ("Beaumont Property") shortly before filing his Petition without listing the property and selling it at a discount (Complaint, 53-58), showing improper pre-bankruptcy action to eliminate non-exempt property that would have been available to creditors.

Complaint also alleges that Defendant submitted false information under penalty of perjury in the Petition by falsely claiming that $50,000.00 was "family support for medical emergency," but testified at his 2004 examination that he sent $50,000.00 to his wife's friend in China. (*Id.* ¶ 61.) Defendant's statement made under oath in his Petition that $50,000.00 was family support is false because his wife's friend in China was not a family member.

Additionally, as Complaint alleges, this $50,000.00 was obtained rom the proceeds of selling the Beaumont Property, but it was not used for necessities. (*Id.* ¶¶ 69, 61.) Complaint also alleges other items the Beaumont Property sales proceeds were used for that were not necessities, such as paying off his Home Depot credit card in the sum of $7,904.04, and making $13,000.00 contribution to his IRA. (*Id.* ¶¶ 60, 62.) These funds that were spent from the Beaumont Property sales proceeds should have been available to creditors.

Complaint also alleges that Defendant falsely claimed in his Petition the $50,000.00 purported debt owed to Yalin Liu. (*Id.* ¶ 63, 64.) (Defendant conceded at his 2004 examination that there was no loan documents and no oral promise to pay.)

Complaint also alleges Defendant's pattern of fraudulent conduct and false statements under oath, such as operating his real estate brokerage Laurus without a business license for over 10 years, falsely testifying about his relationship with Opendoor, his ownership of Laurus, and others. (*Id.* ¶¶ 66-74.)

Complaint also alleges that Defendant violated this court's order to produce documents for his 2004 examination. (*Id.* ¶¶ 75-78.)

1  Accordingly, Complaint alleges sufficient facts to show that, *e. g.,* Defendant sold his

2  nonexempt property shortly before his Petition was filed and spent significant portion of the

3  proceeds on items that were not necessities, and that Defendant then falsely represented in his

4  Petition under oath various items he spent from the sale proceeds to be necessities.

5  Complaint therefore states sufficient facts to show that Defendant's actions constitute intent

6  to hinder, delay, or defraud Plaintiff and that Defendant knowingly and fraudulently made a false

7  oath or account in in connection with his Petition. Complaint also states sufficient facts that

8  Defendant has concealed, destroyed, or failed to keep or preserve recorded information, etc. from

9  which Defendant's financial condition or transactions might be ascertained.

10  III.  **DEFENDANT'S COUNSEL FAILED TO INITIATE A CONFERENCE OF**

11  **COUNSEL AND NO CONFERENCE WAS HELD.**

12  Under L .R. 7-3, Defendant's counsel was required to have a conference of counsel at least

13  seven (7) days prior to the filing of the motion. Here, there was no such conference at any time prior

14  to Debtor's filing of the motion. (Local Rules – Central District of California, ("L.R." 7-3.)

15  Defendant's counsel made no attempt to initiate such a conference and filed the motion without any

16  advance notice.

17  Under L. R. 7-4, this court may decline to consider a motion unless it meets the L.R. 7-3

18  through 7.8.

19  IV.  **CONCLUSION**

20  For the foregoing reasons, Plaintiff requests that the Court deny Defendant's Motion to

21  Dismiss in its entirety.

22  Dated:  March 22, 2022                                    MOON & DORSETT, PC

23

24                                                                                  By: _____
                                                                                          Dana Moon, Esq.
25                                                                                  Attorneys for Creditor/Plaintiff LULAI XIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age 18 and not a party to this bankruptcy case or adversary proceedings. My business address is 445 South Figueroa St., Suite 2900, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled: **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below.

**1.TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling GeneralOrders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 22, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    Carolyn A Dye (TR): trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com
    Dana M Moon on behalf of Plaintiff/Creditor LULAI XIA: wk@moondorsett.com
    Christopher M. Kieran on behalf of Defendant/Debtor Steve H. Chou: chris@talkovlaw.com
    United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

**2.SERVED BY UNITED STATES MAIL**: On March 22, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

To:    Judge Ernest M. Robles (Judge)
        255 E. Temple Street, Suite 1560 / Courtroom 1568
        Los Angeles, CA 90012

        Creditors:

| **American Express Travel Related Services** Attn: Bankruptcy Po Box 981537 El Paso, TX 79998 | **Amex** Correspondence/Bankruptcy Po Box 981540 El Paso, TX 79998 |
|---|---|
| **Barclays Bank Delaware** Attn: Bankruptcy Po Box 8801 Wilmington, DE 19899 | **Capital One** Attn: Bankruptcy Po Box 30285 Salt Lake City, UT 84130 |
| **Chase Card Services** Attn: Bankruptcy Po Box 15298 Wilmington, DE 19850 | **East West Bank** 9300 Flair Dr. 3rd Floor El Monte, CA 9173 |

| **Equity Wave Lending**<br>2355 Main St. #230<br>Irvine, CA 92614 | **Wescom Credit Union**<br>Attn: Bankruptcy<br>5601 East La Palma Avenue<br>Anaheim, CA 92807 |
|---|---|

I certify under penalty of perjury, under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on March 22, 2022, at Los Angeles, California.

_____
Wendy Kim, Declarant