SCOTT TALKOV, State Bar No. 264676
CHRISTOPHER M. KIERNAN, State Bar No. 319804
**TALKOV LAW CORP.**
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com
          chris@talkovlaw.com

Counsel for Defendant Steve Chou

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>STEVE CHOU,<br><br>          Debtor. | Case No. 2:21-bk-18006-ER<br><br>Adv. No. 2:22-ap-01024-ER<br><br>**Chapter 7**<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS** |
| LULAI XIA,<br><br>          Plaintiff,<br><br>     vs.<br><br>STEVE CHOU,<br><br>          Defendant. | **Hearing on Motion to Dismiss**:<br><br>Date:       April 5, 2022<br>Time:       10:00 a.m.<br>Ctrm:       1568<br>Location:   255 E. Temple Street,<br>                  Los Angeles, CA 90012 |

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

Defendant Steve Chou ("Defendant") hereby submits his reply (the "Reply") to Plaintiff Lulai Xia's ("Plaintiff") *Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss* [Adv. Dkt. No. 13] (the "Opposition"), and in support thereof provides as follows:

## I. INTRODUCTION AND SUMMARY OF OPPOSITION

Plaintiff's Opposition claims that it properly pleads claims of relief for objection to discharge under Section 727 and nondischargeability under Section 523(a)(2)(A) by citing various unrelated allegations in attempt to piece together a cognizable claim. In doing so, the Opposition relies on the same allegations identified in the Motion as insufficient to meet the heightened pleading standard applicable to the fraud claims under Sections 523(a)(2)(A) and 727(a)(4)(A) and the plausibility standard applicable to all claims.

Specifically, the Opposition contends that the Complaint is specific as to when and where Defendant made the alleged misrepresentation in 2008 – the only misrepresentation alleged with any specificity – and that the Complaint is specific as to Defendant's alleged testimony in the 2004 exam that there was no investment company. Opposition, p. 3, lns. 9-18. But the primary issue with Plaintiff's fraud theory is not the allegations related to the alleged misrepresentation in 2008. Rather, it is the lack of any specific allegations of "the who, what, when, where, and how" that alleged misrepresentation induced Plaintiff to enter into the June 30, 2015, promissory note (the "Note") seven years into a successful business relationship.

As to the Complaint's Section 727 claims, the Opposition mimics the Complaint by citing to various allegations in support of a general objection to discharge claim. *See* Opposition, pp. 4:20-6:9. None of these allegations state a claim under Sections 727(a)(2)(A)**,** 727(a)(3) or 727(a)(4)(A).

Therefore, for these reasons set forth in further detail below, the Complaint should be dismissed.

/ / /

/ / /

/ / /

/ / /

TALKOV LAW
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

## II. PLAINTIFF FAILS TO ALLEGE WITH PARTICULARITY ANY MISREPRESENTATION, FRAUDULENT OMISSION OR DECEPTIVE CONDUCT TO STATE A CLAIM UNDER 523(a)(2)(A)

The Opposition asserts that the Complaint satisfies Rule 9(b)'s particularity requirement because it alleges that Plaintiff misrepresented that he owned an investment company in 2008 which was the fraudulent misconduct that ultimately induced Plaintiff to enter into the 2015 Note. *See* Opposition, pp. 3:9-4:17. But the Complaint's allegations fail to identify "when, where, and how" the alleged misrepresentation in 2008 induced Plaintiff into entering into the Note seven (7) years later. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). In fact, the Complaint does just the opposite, alleging that Plaintiff's trust in Defendant was built due to his ability to honor his commitment to create "high interest" during the seven (7) year gap between the initial misrepresentation in 2008 and the 2015 Note.

Indeed, Plaintiff alleges that it was Defendant's ability to deliver on the promise of a "high interest" return that "further buil[t] Plaintiff's trust in him" which "led Plaintiff to make additional loans". Complaint, ¶¶ 18, 20. According to Plaintiff, it was not Defendant's alleged misrepresentation made seven (7) years earlier that "induced" Plaintiff to enter into the Note; it was Plaintiff and Defendant's seven (7) year successful business relationship that caused Plaintiff to enter into the Note.

Further, the alleged 2008 misrepresentation that the Opposition contends is specific as to when and where, *was not even made by Defendant*. It was Defendant's Wife, Jianhua, who "informed Plaintiff that Defendant owned a successful investment company, was wealthy, and was very knowledgeable about financial matters. Jianhua told Plaintiff that Defendant could provide Plaintiff investment advice." Complaint, ¶ 10. The sole allegation of misrepresentation's that Defendant personally made to Plaintiff is the vague and conclusory allegation that: "Defendant induced Plaintiff to loan him money by repeatedly and falsely claiming that he owned a successful investment company and that Plaintiff's funds would be safe and secure." Complaint, ¶ 39. But Plaintiff fails to allege any additional facts that identify the "who, what, when, where, and how" of these subsequent misrepresentations.

Moreover, Plaintiff does not allege that Defendant was ever in breach of the previous notes, only that the "predecessor promissory notes from 2008 to 2015 were never paid in full." Complaint, ¶ 23.  Rather, Plaintiff's allegations imply that Plaintiff voluntarily agreed to have the loans roll over. *See* Complaint, ¶¶ 20, 24-25.  And the Complaint contains no allegations that Plaintiff was induced to roll over the predecessor loans into the 2015 Note.  Therefore, the only link between the misrepresentation in 2008 and the 2015 Note are allegations relating to Plaintiff's voluntary agreement to roll the prior loans into the 2015 Note. *See, e.g.*, Complaint, ¶¶ 18-20.

Plaintiff reliance on a single alleged misrepresentation at the beginning of the parties 10-year business relationship is insufficient to satisfy Rule 9(b)'s particularity requirement.  Accordingly, Plaintiff's nondischargeability claim under Section 523(a)(2)(A) must be dismissed, with prejudice.

### III.  THE COMPLAINT'S ALLEGATIONS OF DEFENDANT'S "FALSE OATHS" AND SALE OF THE BEAUMONT PROPERTY FAILS TO STATE A CLAIM UNDER SECTIONS 727(a)(4)(A) AND 727(a)(2)(A)

Following the Complaint's lead, the Opposition does not attempt to distinguish its claims for objection to discharge, preferring to improperly allege a general claim for objection to discharge under Section 727. *See* Opposition, pp. 4:20-6:9; Complaint, ¶¶ 79-82.  Notwithstanding that the Complaint's allegations force Defendant to guess the statutory basis of Plaintiff's claims, none of Plaintiff's allegations state a claim under for objection to discharge under Sections 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A).

As set forth in the Motion, a claim under Section 727(a)(4)(A) is subject to Rule 9(b)'s heightened pleading standards because it "denies a discharge to a debtor who 'knowingly and fraudulently' made a false oath or account in the course of the bankruptcy proceedings." *In re Roberts*, 331 B.R. 876, 882 (B.A.P. 9th Cir. 2005), aff'd and remanded, 241 F. App'x 420 (9th Cir. 2007).

The claims under Sections 727(a)(2)(A) and 727(a)(3) are subject to the less strict plausibility standard.  The plausibility requires a plaintiff to allege enough facts to state a claim that is plausible on its face. *Yack v. Washington Mutual Inc.*, 389 B.R. 91, 95 (N.D. Cal. 2008) (citations omitted)  But "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As explained below, the Opposition simply reiterates the Complaint's allegations which fail to meet either the plausibility or the heightened pleading standard under Rule 9(b).

### A. The Opposition Cannot Point to Any Allegation in the Complaint that Supports its Claim that Defendant Knowingly and Fraudulently Made a False Oath Related to a Material Fact During the Course of the Bankruptcy Case

In order to bring a successful § 727(a)(4)(A) claim for false oath, "the plaintiff must show: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *In re Roberts*, 331 B.R. 876, 882 (B.A.P. 9th Cir. 2005), aff'd and remanded, 241 F. App'x 420 (9th Cir. 2007). "That said, a false statement or omission that has no impact on a bankruptcy case is not material and does not provide grounds for denial of a discharge under § 727(a)(4)(A)." *In re Khalil*, 379 B.R. 163, 172 (B.A.P. 9th Cir. 2007), aff'd, 578 F.3d 1167 (9th Cir. 2009).

Plaintiff contends in the Opposition contends that the alleged false statements made by Plaintiff were "made primarily in the Defendant's bankruptcy petition ('Petition')." Opposition, p. 4, lns. 22-23. But the Opposition does not, and cannot, cite to anywhere in the Petition these false statements were allegedly made. Instead, the Opposition cites to five (5) allegations in the Complaint that rely on Plaintiff's recollection of Defendant's testimony during the 2004 exam.

First, the Opposition contends that the allegation that "Defendant sold his nonexempt property at 1561 Leland St., Beaumont, CA ('Beaumont Property') shortly before filing his Petition without listing the property and selling it at a discount . . ..." supports a claim under Section 727(a)(4)(A). Opposition, p. 5, lns. 1-3. While this allegation may be appropriate under a preferential or fraudulent transfer cause of action, it but does not support a denial of discharge claim. The sale of the Property was accurately listed on Defendant's Petition and the Complaint does not contain any allegations that the information contained in the Petition was false. *See* Dkt. No. 1, p. 37; *see also* Complaint, ¶¶ 53-58.

- 4 -
**REPLY TO OPPOSITION TO MOTION TO DISMISS**

Second, absent from the Complaint's allegation that the Beaumont Property sales proceeds were not used for necessities is an allegation of a false oath made by Defendant. Since there is no requirement that a debtor must use their assets for basic necessities prior to declaring bankruptcy there is no allegation of a false oath, it is unclear how this allegation supports an objection to discharge claim under. *See* Complaint, ¶¶ 60, 62.

Third, the Opposition points to the Complaint's allegation that "Defendant submitted false information under penalty of perjury in the Petition by falsely claiming that $50,000.00 was 'family support for medical emergency,' but testified at his 2004 examination that he sent $50,000.00 to his wife's friend in China. Defendant's statement made under oath in his Petition that $50,000.00 was family support is false because his wife's friend in China was not a family member.'" Opposition, p. 5, lns. 5-9; Complaint, ¶ 61. But the Complaint does not allege that Defendant made that claim on his Petition, likely because the Defendant did not state in his Petition that any of the net sales proceeds were for "family support for medical emergency". *See* Dkt. No. 1, p. 37. Rather, Defendant states on his Petition that the net proceeds of $121,000 were used to pay "income/property taxes/debts/medical emergency expenses/attorney fees/fund IRA/insurance/home/auto repairs". Dkt. No. 1, p. 37 (emphasis added). Even assuming that Defendant did make that statement during a bankruptcy proceeding, Plaintiff misleadingly interprets "family support for medical emergency" to mean that the funds were used for a family member's medical emergency. Defendant's statement simply states it was used for "family support", i.e., to support his wife by assisting her friend with a medical emergency.

Fourth, there is no merit to Plaintiff's allegation that Defendant falsely stated a $50,000 debt owed to Yalin Liu in his Petition because Defendant testified during his 2004 exam that there was no loan documents or oral promise to pay under Section 727(a)(4)(A). Opposition, p. 5, lns. 16-18. It is well established that the Bankruptcy Code's definition of "claim" in 11 U.S.C. § 101(5) was adopted to give the "broadest available definition." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); 11 U.S.C. § 101(5). The allegations that there are no loan documents or oral promise to pay do not mean that creditor Yalin Liu does not have a claim against the Defendant's Estate. If anything, listing Yalin

- 5 -
**REPLY TO OPPOSITION TO MOTION TO DISMISS**

Liu on the Petition shows that Defendant is an honest debtor by listing all parties that may have a claim against Defendant.

Lastly, the Opposition cites to the Complaint's various allegations of a "pattern of fraudulent conduct and false statements under oath" including "operating his real estate brokerage Laurus without a business license for over 10 years, falsely testifying about his relationship with Opendoor, his ownership of Laurus, and others." Opposition, p. 5, lns. 19-22; *see* Complaint, ¶¶ 66-74.  It is entirely unclear how operating a business without a license, a single prior-transaction with a large publicly traded company like OpenDoor, or oral testimony related to the ownership of a business over a twenty-two-year period are related to a material fact.  And there are no allegations that Defendant made a false oath relating to these facts or that the oath was made knowingly and fraudulently, other than a conclusory recitation of the statutory language.  Plaintiff fails to allege even essential elements to state a claim under Section 727(a)(4)(A), let alone state the claim with particularity.

Accordingly, Plaintiff's Section 727(a)(4)(A) claim should be dismissed with prejudice.

**B. The Allegations Relating to Defendant's Sale of the Beaumont Property Do Not State a Plausible Claim for Relief under Section 727(a)(2)(A)**

The Opposition fails to explain how the Complaint's allegations that Defendant sold the Beaumont Property at an alleged discount in order to receive a higher commission on the sale states a plausible claim that Defendant intended to hinder, delay or defraud creditors or an officer of the estate. *See* Complaint, ¶¶ 53-58; *see also* 11 U.S.C. § 727(a)(2)(A) (the debtor shall not be granted a discharge "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-- (A) property of the debtor, within one year before the date of the filing of the petition . . ..".

Indeed, the Complaint does not contain any factual allegations supporting an intent by Defendant to hinder, delay or defraud creditors. *See* Complaint, ¶¶ 53-58.  Nor are there any allegations supporting Plaintiff's conclusion that the Property was sold at below market price. *Id.*  A creditor cannot state a claim for objection to discharge simply because the creditor believes the debtor

could have obtained a higher price on a sale. Supporting factual allegations are necessary to state plausible claim for relief under Section 727(a)(2)(A). Therefore, Plaintiff's claim for objection to discharge under Section 727(a)(2)(A) fails to state a plausible claim for relief and should be dismissed with prejudice.

### IV. CENTRAL DISTRICT OF CALIFORNIA LOCAL RULE 7-3 IS NOT APPLICABLE TO THIS ADVERSARY PROCEEDING

The Opposition asserts that Defendant's counsel failed to comply with the United States District Court for the Central District of California Local Rule 7-3 which requires counsel to meet and confer prior to filing a motion. As this Adversary occurs in the United States Bankruptcy Court for the Central District of California and the Bankruptcy Court's Local Rules do not incorporate the District Court's Local Rule 7-3, Local Rule 7-3 is not applicable to this proceeding.

### V. CONCLUSION

As set forth above, Plaintiff failed in her attempt to mold a breach of contract claim into plausible claims for relief under Sections 523(a)(2)(A), 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A), and failed to meet the particularity standard for the claims grounded in fraud under Sections 523(a)(2)(A) and 727(a)(4)(A). Accordingly, Plaintiff respectfully requests that that the Complaint and each cause of action therein be dismissed without leave to amend.

DATED: March 29, 2022                          **TALKOV LAW CORP.**

                                    By: *Christopher M Kiernan*
                                        Christopher M. Kiernan
                                        Attorneys for Defendant Steve Chou

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:19800 MacArthur Blvd Ste 300, Irvine, CA 92612.

A true and correct copy of the foregoing document entitled: **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 29, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

OFFICE OF U.S. TRUSTEE: United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
PLAINTIFF'S ATTORNEY: Dana Moon, wk@moondorsett.com
CHAPTER 7 TRUSTEE: Carolyn A Dye, trustee@cadye.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On March 29, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court for the Central District of California
The Honorable Ernest M. Robles, United States Bankruptcy Judge
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 29, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 29, 2022 | Christopher M. Kiernan | *Christopher M Kiernan* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE