

FILED & ENTERED

JUN 13 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Steve H. Chou, Debtor.<br><br>Lulai Xia,<br><br>                                    Plaintiff,<br><br>v.<br><br>Steve H. Chou,<br><br>                                    Defendant. | Case No.: 2:21-bk-18006-ER<br>Adv. No.: 2:22-ap-01024-ER<br><br>**MEMORANDUM OF DECISION (1) DISMISSING CLAIMS UNDER §§ 523(A)(2)(A), 727(A)(4)(A), AND 727(A)(6) WITH PREUDICE AND (2) DISMISSING CLAIM UNDER § 727(A)(2)(A) WITH LEAVE TO AMEND**<br><br>**[RELATES TO DOC. NO. 11]**<br><br>Date:        April 12, 2022<br>Time:       1:30 p.m.<br>Location:  Ctrm. 1568<br>                  Roybal Federal Building<br>                  255 East Temple Street<br>                  Los Angeles, CA 90012 |

At the above-captioned date and time, the Court conducted a hearing on the *Motion to Dismiss Adversary Complaint* [Adv. Doc. No. 11] (the "Motion") filed by Steve Chou ("Defendant").[1] For the reasons set forth below, the Motion is **GRANTED**. The claims of Lulai

---

[1] The Court considered the following pleadings in adjudicating this matter:
1) Complaint for a Declaration that Defendant's Debt to Plaintiff is Non-Dischargeable [Doc. No. 1] (the "Complaint");
2) Notice of Motion and Motion to Dismiss Adversary Complaint [Adv. Doc. No. 11] (the "Motion to Dismiss");
3) Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss [Adv. Doc. No. 13] (the "Opposition");
4) Reply to Opposition to Motion to Dismiss [Adv. Doc. No. 15] (the "Reply"); and

Xia ("Plaintiff") under §§ 523(a)(2)(A), 727(a)(4)(A), and 727(a)(6) are **DISMISSED WITH PREJUDICE**. Plaintiff's § 727(a)(2)(A) claim is **DISMISSED**, but Plaintiff is given leave to amend.

## I. Facts and Summary of Pleadings
### A. Procedural Background

On October 18, 2021 (the "Petition Date"), Steve Chou ("Defendant") filed a voluntary Chapter 7 petition. On January 18, 2022, Lulai Xia ("Plaintiff") filed a *Complaint for Declaration that Defendant's Debt to Plaintiff is Non-Dischargeable* [Adv. Doc. No. 1] (the "Complaint"). Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff opposes the Motion to Dismiss.

### B. Summary of the Complaint
*1. Summary of the Complaint's Allegations*

The allegations of the Complaint may be summarized as follows:

In the Spring of 2008, after learning that Plaintiff was going through a divorce and suffering from depression, Defendant's spouse Jianhua invited Plaintiff to stay with her and Defendant at their home in Los Angeles. Complaint at ¶ 7. During the stay, Jianhua informed Plaintiff that Defendant owned a successful investment company, was wealthy, and was very knowledgeable about financial matters. *Id.* at ¶ 10.

After Plaintiff returned to her home in Canada, Defendant regularly telephone Plaintiff to inquire about Plaintiff's plans for the property that Plaintiff received from her divorce. *Id.* at ¶ 11.

During a phone conversation that took place in 2008, Defendant encouraged Plaintiff to invest the funds she had received from her divorce with Defendant's companies. *Id.* at ¶ 15. Defendant told Plaintiff that since she was "like a sister" to him, he would be "fully accountable" to Plaintiff as to any money she lent him. *Id.* at ¶ 17. Defendant represented that any funds Plaintiff loaned to him would be secure and would earn a high rate of interest. *Id.* at ¶¶ 14, 15, and 18.

Plaintiff began loaning money to Defendant beginning in 2008. *Id.* at ¶ 18. Defendant drafted and signed several promissory notes for the multiple loans that Plaintiff extended during the first few years of their financial arrangement. *Id.* at ¶ 19. During these first few years, Defendant timely paid Plaintiff all interest payments, further building Plaintiff's trust in him. *Id.* at ¶ 20. This trust led Plaintiff to make additional loans, with each prior loan rolling over into the next loan. *Id.*

The predecessor notes were due in May of 2015. *Id.* at ¶ 21. Instead of paying the notes, Defendant telephoned Plaintiff and told her that he need $1 million for a "great opportunity." *Id.* The predecessor promissory notes from 2008 to 2015 were never paid in full. *Id.* at ¶ 23. These promissory notes were simply rolled into the next note once they matured. *Id.* Defendant paid interest on the loans for the first year or two, and then rolled the entire remaining interest and principal balance into the next note. *Id.* at ¶ 25.

---

5) Creditor and Plaintiff Lulai Xia's Status Report on State Court Proceedings [Adv. Doc. No. 22].

Plaintiff agreed to loan Defendant an additional $32,365, such that the total amount loaned (including the unpaid principal and interest from the predecessor notes) amounted to $800,000. *Id.* at ¶ 27. On June 30, 2015, Defendant drafted, executed, and delivered to Plaintiff a promissory note (the "Note") of that date in the principal sum of $800,000. *Id.* at ¶ 28. The Note was payable in full on June 30, 2018, and bore interest at the rate of 8.5% per annum. *Id.* The Note required Defendant to indemnify Plaintiff from any taxes resulting from the execution of the Note. *Id.* at ¶ 42 and Note at ¶ 2.

As of June 30, 2018, the amount due on the Note was $1,021,831. *Id.* at ¶ 29. Defendant failed to pay the Note as of June 30, 2018, and instead threatened to file for bankruptcy if Plaintiff did not agree to accept a reduced payment. *Id.* at ¶ 33.

Defendant made several payments on the Note throughout 2018, culminating in a final payment in December 2018. *Id.* at ¶ 36. As of the final December 2018 payment, the balance due on the Note was $171,853, not including interest. *Id.*

Prior to the Petition Date, Defendant sold non-exempt real estate at a below-market price. *Id.* at ¶ 53. Defendant did not use all of the sales proceeds to pay for necessities. *Id.* at ¶ 61.

Defendant made a series of false and misleading statements in connection with the petition, including the following:

1) Defendant claimed that he owed Yalin Lui $50,000, but at his Rule 2004 Examination Defendant could not produce any documentation of the loan. *Id.* at ¶ 63.
2) Defendant claimed that he owed $14,200 in credit card debt to Wescom Credit Union ("Wescom"), but Defendant could not produce any documentation of the indebtedness. *Id.* at ¶ 65.
3) Defendant initially testified that he had conducted only one transaction with Opendoor, but upon further questioning acknowledged that he had received a $17,916 deposit from Opendoor in connection with a separate transaction. *Id.* at ¶ 69.

Defendant failed to produce all of the documents ordered by the Court in connection with his Rule 2004 Examination. *Id.* at ¶ 75.

*2. Summary of the Complaint's Claims for Relief*

Based upon the foregoing allegations, Plaintiff seeks a determination that the indebtedness arising in connection with the Note is non-dischargeable under § 523(a)(2)(A). Plaintiff also objects to the Defendant's discharge under § 727. Plaintiff does not identify the specific provisions of the Bankruptcy Code giving rise to the § 727 claim; the language of the Complaint suggests that Plaintiff intends to pursue an objection to discharge under § 727(a)(2)(A), (a)(4)(A), and (a)(6).

**C. Summary of Papers Filed in Connection with the Motion to Dismiss**

Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. He argues that the Complaint's allegations support only a garden-variety breach of contract claim, not a dischargeability claim under § 523(a)(2)(A).

Plaintiff opposes the Motion to Dismiss. She argues that the Complaint sufficiently states a claim under § 523(a)(2)(A) because it contains specific allegations regarding the promises Defendant made to Plaintiff with respect to the investment of her funds.

## II. Findings and Conclusions

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). To state a plausible claim for relief, a complaint must satisfy two working principles:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice…. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* (citing Civil Rule 8(a)(2)).

Although the pleading standard Civil Rule 8 announces "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation…. A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### A. The Complaint Fails to State a Claim Under § 523(a)(2)(A)

Section 523(a)(2)(A) provides: "A discharge under section 727 … of this title does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

To prevail on a § 523(a)(2)(A) claim, a creditor must prove that:

1) the debtor made the representations;
2) that at the time he knew they were false;
3) that he made them with the intention and purpose of deceiving the creditor;
4) that the creditor relied on such representations; and
5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010).

Claims for relief under §523(a)(2)(A) involve allegations of fraud, and therefore must be pleaded with particularity in accordance with the requirements of Civil Rule 9(b). To satisfy Civil Rule 9(b), allegations of fraud must be "'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.' A pleading 'is

sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.' The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 671–72 (9th Cir. 1993); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").

The Complaint fails to state a claim under § 523(a)(2)(A). The Complaint alleges that Defendant repaid a substantial portion of the indebtedness owed under the Note. The original principal amount of the Note was $800,000. Including interest, the total amount owed under the Note when it came due for repayment three years after execution was $1,021,831. According to the Complaint, as of December 2018, Defendant paid back all but $171,853. That is, Defendant paid Plaintiff $849,978 of the $1,021,831 owed. Although Plaintiff did not receive all the interest that she was promised under the Note, she did receive a return of approximately 6% on her principal investment of $800,000.

To state a claim under § 523(a)(2)(A), Plaintiff must plausibly allege that at the inception of the financial relationship, Defendant knowingly made false representations to Plaintiff, for the purpose of inducing Plaintiff to extend credit. That is, Plaintiff would be required to allege facts showing that when Defendant told Plaintiff that she should invest with him, Defendant knew that he would be unable to repay the investment.

It is not plausible to infer that Defendant never intended to repay Plaintiff, when Defendant repaid approximately 83% of the amount owed under the Note. The most plausible inference from the Complaint's allegations is that Defendant fully intended to repay the Note at the time it was executed, but for whatever reason proved unable to do so.[2]

This fundamental defect in the Complaint cannot be cured through amendment. Accordingly, the dismissal of Plaintiff's § 523(a)(2)(A) claim is **WITH PREJUDICE**. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (holding that the Court may dismiss a complaint without leave to amend where any amendment would be futile).

**B. The Complaint Fails to State a Claim Under § 727(a)(2)(A)[3]**

Under § 727(a)(2)(A), a discharge may be denied where "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition."

Here, the Complaint alleges that Defendant sold real estate for below-market value (the "Property"), and spent some of the sale proceeds on items that were not necessities. Specifically, the Complaint alleges that Defendant sold the Property to Opendoor, an online company known for purchasing property at a discount, for $408,200 in March of 2021. Complaint at ¶ 53.

---

[2] Plaintiff argues that Defendant's promise that the funds Plaintiff loaned to him would earn a high rate of interest constitutes a false representation for purposes of § 523(a)(2)(A).

[3] As indicated in Section I.B.2, above, the Complaint does not identify the specific provisions of the Bankruptcy Code giving rise to the § 727 claim. The Court construes the Complaint as though it had pleaded claims under § 727(a)(2)(A), (a)(4)(A), and (a)(6), because those are the provisions which correspond to the misconduct alleged in the Complaint.

According to the Complaint, Opendoor then resold the Property for $455,000 three months later. *Id.* at ¶ 56.

The Complaint further alleges that Defendant made a $50,000 payment "to his wife's friend in China, who needed help," and that Defendant "could … identify this friend by last name only …." *Id.* at ¶ 61.

"A party seeking denial of discharge under § 727(a)(2) must prove two things: '(1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act [of] disposing of the property.' A debtor's intent need not be fraudulent to meet the requirements of § 727(a)(2). Because the language of the statute is in the disjunctive it is sufficient if the debtor's intent is to hinder or delay a creditor." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (internal citations omitted).

*Retz* illustrates the type of conduct that is actionable under § 727(a)(2)(A). In that case, the debtor transferred property to his brother for significantly less than the property's appraised value. *Id.* at 1201. The transfer occurred while the debtor was involved in state court litigation with one of his most significant creditors, and the debtor was in poor financial condition at the time of the transfer. *Id.*

The allegation that Defendant sold the Property at a slight discount, at the onset of the COVID-19 pandemic, fails to state a claim upon which relief can be granted. There are no facts alleged that support a reasonable inference that in selling the Property to Opendoor, the Debtor had a subjective intent to hinder, delay, or defraud Plaintiff. Given that the sale occurred at a time of significant uncertainty resulting from the onset of the COVID-19 pandemic, the fact that the Property was allegedly sold for a slight discount does not suggest that the sale was motivated by a desire to defraud Plaintiff. The conduct alleged with respect to the sale of the Property is not the type of conduct that warrants denial of a discharge under § 727(a)(2)(A). To the extent that Plaintiff's § 727(a)(2)(A) claim is predicated upon the sale of the Property, the claim is **DISMISSED WITH PREJUDICE**.

The Complaint's allegations that Defendant made a $50,000 payment to his wife's friend prior to the Petition Date are not pleaded with sufficient particularity to state a claim under § 727(a)(2)(A). The Complaint does not allege precisely when the $50,000 payment was made, and does not allege other specific facts supporting a reasonable inference that in making the payment, Defendant intended to hinder, delay, or defraud Plaintiff. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."). However, because it may be possible for Plaintiff to allege facts stating a claim under § 727(a)(2)(A) with respect to this transfer, to the extent that the § 727(a)(2)(A) claim is predicated upon the $50,000 transfer, the dismissal of the claim is with leave to amend.

In conclusion, Plaintiff is granted leave to amend her § 727(a)(2)(A) claim only to the extent that the claim is based upon allegations pertaining to Defendant's transfer of funds to his wife's friend. If Plaintiff elects to file a First Amended Complaint, the allegations must be limited to conduct pertaining to the transfer.

### C. The Complaint Fails to State a Claim Under § 727(a)(4)(A)

Section 727(a)(4)(A) provides that a debtor may be denied a discharge if "the debtor knowingly and fraudulently, or in connection with the case made a false oath or account." The false statement or omission "must involve a material fact. A fact is material 'if it bears a

relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.'" *Id.* at 173-73 (citing *Fogal Legware of Switzerland, Inc. v. Wills (In re Wills)*, 243 B.R. 53, 62 (9th Cir. BAP 1999)). Finally, the false statement or omission must be made "knowingly and fraudulently." A debtor "acts knowingly if he or she acts deliberately and consciously…. A false statement resulting from ignorance or carelessness does not rise to the level of 'knowing and fraudulent.'" *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (9th Cir. BAP 2005). A debtor acts fraudulently if she (1) made representations (2) involving a material fact (3) that at the time she knew were false (4) with the intention and purpose of deceiving creditors/the U.S. Trustee. *Id.* at 882; *see also In re Khalil*, 379 B.R. at 173.

    None of false statements alleged in the Complaint are material. For example, Plaintiff alleges Defendant initially stated that a $50,000 payment was for "family support for Medical Emergency," but later testified that "the funds were forwarded to his wife's friend in China, who needed help." Complaint at ¶ 61. According to Plaintiff, this slight discrepancy constitutes the type of "false oath or account" sufficient to deny Defendant's discharge.

    Plaintiff does not allege when, where, and how Defendant made this allegedly misleading statement. The Court notes that Defendant's petition does not contain this allegedly false statement; the petition states that the Debtor used $121,000 to pay "income/property taxes/debts/medical emergency expenses/attorney fees/fund IRA/insurance/home/auto repairs." Bankr. Doc. No. 1 (voluntary petition).

    Regardless of the context in which the statement was made, the minor discrepancy highlighted by Plaintiff does not rise to the level of materiality necessary to state a claim under § 727(a)(4)(A). All of the other false representations alleged by Plaintiff are similarly inconsequential. For example, Plaintiff alleges that Defendant initially stated that he had conducted only one business transaction with OpenDoor, but later clarified that he had conducted more than one business transaction with OpenDoor.

    The Complaint fails to state a claim under § 727(a)(4)(A), and this failure cannot be cured through amendment. Plaintiff's claim under § 727(a)(4)(A) is **DISMISSED WITH PREJUDICE**.

### C. The Complaint Fails to State a Claim Under § 727(a)(6)

    Under § 727(a)(6), a debtor may be denied a discharge if the debtor "has refused, in the case to obey any lawful order of the court, *other than an order to respond to a material question or to testify*" (emphasis added).

    The Complaint alleges that Defendant's discharge should be denied because he failed to produce certain documents for his Rule 2004 Examination. The failure to produce documents for a Rule 2004 Examination, like the failure to testify, is not grounds for the denial of discharge. The Complaint fails to state a claim under § 727(a)(6), and this failure cannot be cured through amendment. Plaintiff's claim under § 727(a)(6) is **DISMISSED WITH PREJUDICE**.

## III. Conclusion

    Based upon the foregoing, Plaintiff's claims under §§ 523(a)(2)(A), 727(a)(4)(A), and 727(a)(6) are **DISMISSED WITH PREJUDICE**. Plaintiff's claim under § 727(a)(2)(A) is **DISMISSED**, but Plaintiff is given leave to amend. Allegations in any First Amended Complaint must be limited to conduct pertaining to Defendant's pre-petition transfer of $50,000 to his wife's friend. If Plaintiff elects to file a First Amended Complaint, such complaint shall be

filed by no later than **June 28, 2022**. If Plaintiff fails to file a First Amended Complaint by the June 28, 2022 deadline, the Court will deem such failure to constitute consent to dismissal of the entire action with prejudice, and will enter an order to that effect. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: June 13, 2022

Ernest M. Robles
United States Bankruptcy Judge