FILED & ENTERED

JAN 09 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:      Steve H. Chou, Debtor. | Case No.:  2:21-bk-18006-ER |
| Lulai Xia, | Adv. No.:  2:22-ap-01024-ER |
| Plaintiff, | **MEMORANDUM OF DECISION DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| Steve H. Chou, | |
| Defendant. | [No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

Lulai Xia ("Plaintiff") moves for reconsideration (the "Motion for Reconsideration")[1] of the denial of Plaintiff's motion for leave to file a Second Amended Complaint. Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[2] the Court finds the Motion for Reconsideration to be suitable for disposition without oral argument. For the reasons set forth below, the Motion for Reconsideration is **DENIED**.

## I. Background
Complete background information is set forth in the *Memorandum of Decision (1) Denying Motion for Leave to Amend and (2) Denying Motion to Dismiss* (the "Memorandum").[3] Information in the Memorandum is restated herein only to the extent necessary to address the

---

[1] Doc. No. 80.

[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[3] Doc. No. 63.

arguments presented in the Motion for Reconsideration, and familiarity with the Memorandum is assumed.

On August 11, 2022, the Los Angeles Superior Court (the "State Court") entered a default judgment in favor of Plaintiff and against Defendant in the amount of $325,617.89 (the "State Court Judgment").[4] The State Court Judgment arose from Defendant's failure to fully repay to Plaintiff the interest owed under a promissory note (the "Note").[5]

In this action, Plaintiff (1) objects to Defendant's discharge under § 727 and (2) seeks a determination that the State Court Judgment is nondischargeable under § 523. The Court dismissed Plaintiff's claims under §§ 523(a)(2)(A), 727(a)(4)(A), and 727(a)(6) with prejudice, leaving Plaintiff's claim under § 727(a)(2)(A) as the only remaining claim.[6] Subsequent to this dismissal with prejudice, Plaintiff sought leave to file a Second Amended Complaint containing an additional claim for relief under § 523(a)(6). In the Memorandum, the Court denied Plaintiff's motion for leave to amend, finding that amendment would be futile because the proposed Second Amended Complaint failed to plausibly allege that Defendant inflicted willful and malicious injury upon Plaintiff by failing to repay the full amount of interest owed under the Note.[7] The Court also found that undue delay, prejudice to the Defendant, and the multiple amendments to the Complaint supported denying leave to amend.[8]

Plaintiff seeks reconsideration of the order denying leave to amend. First, she asserts that the proposed Second Amended Complaint *does* plausibly allege a claim under § 523(a)(6), pointing to findings made in the State Court Judgment. Second, she argues that she did not have knowledge of all the relevant facts at the commencement of the litigation, because the State Court Judgment was not issued until after the instant action was filed.[9]

## II. Findings and Conclusions

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to

---

[4] Doc. No. 51, Ex. A.

[5] The principal amount of the Note was $800,000. Defendant fully repaid the $800,000 in principal and paid an additional $49,978 in interest. The State Court Judgment awarded Plaintiff damages of $172,033 on account of Defendant's failure to fully repay the interest owed under the Note. The remainder of the $325,617.89 State Court Judgment was comprised of $70,981.24 in prejudgment interest, $81,416.00 in attorney's fees, and $1,187.65 in costs.

[6] *See* Doc. No. 23 (Memorandum of Decision dismissing claims with prejudice) and Doc. No. 24 (order dismissing claims with prejudice).

[7] Memorandum at 6–8.

[8] *Id.* at 8–9.

[9] As explained in the Memorandum, after this action was filed, the Court lifted the automatic stay to permit Plaintiff to obtain a final judgment against Defendant in the State Court Action. *See* Memorandum at 2.

rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'").

The Memorandum contained a detailed discussion of why the proposed Second Amended Complaint failed to plausibly allege a claim under § 523(a)(6), notwithstanding the fact that the State Court Judgment contained the terms "willful" and "malicious." The Court will not restate that discussion here. In asserting that reconsideration is warranted because the proposed Second Amended Complaint does state a claim under § 523(a)(6), Plaintiff merely reiterates arguments that the Court considered—and rejected—in the Memorandum. Plaintiff is not entitled to reconsideration of the Court's finding that it would be futile to grant Plaintiff leave to amend for the purpose of alleging a § 523(a)(6) claim.

Plaintiff next takes issue with the Memorandum's finding that she was aware of all relevant facts at the commencement of the litigation, and therefore was not entitled to leave to amend. As stated in the Memorandum:

> Plaintiff's undue delay in seeking to add the proposed § 523(a)(6) claim supports denying leave to amend. Although the State Court Complaint had been pending for more than two years at the time Plaintiff filed her initial Complaint, that initial Complaint did not assert a claim under § 523(a)(6). The First Amended Complaint, filed on June 28, 2022, was likewise devoid of a claim under § 523(a)(6). Plaintiff's § 523(a)(6) claim appears for the first time in the proposed Second Amended Complaint.

> Plaintiff had knowledge of the relevant facts from the inception of the litigation. The proposed Second Amended Complaint attempts to assert a new theory of liability based upon previously-known facts. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999).

> Allowing Plaintiff a third crack at the Complaint would also prejudice Defendant, who has already incurred the costs of bringing a motion to dismiss the initial Complaint as well as a motion to dismiss the First Amended Complaint.

Memorandum at 8–9.

Plaintiff notes that the State Court Judgment had not yet been entered when she filed this action. She argues that she therefore was *not* aware of all relevant facts from the inception of the litigation, and that accordingly leave to amend is warranted.

The State Court's entry of the State Court Judgment subsequent to the initiation of this litigation does not qualify as the type of "new fact" that would warrant giving leave to amend. The State Court Action had been pending for more than two years at the time this action was filed. Consequently, when she commenced this action, Plaintiff was well aware of all the facts pertaining to the wrongdoing allegedly committed by Defendant. It is the facts pertaining to Defendant's alleged wrongdoing—not facts pertaining to the results of Plaintiff's litigation against Defendant—that are relevant for purposes of determining whether Plaintiff should be granted leave to amend. Plaintiff is not entitled to reconsideration of the Court's finding that leave to amend is not warranted given that Plaintiff had knowledge of the relevant facts from the inception of the litigation.

Based upon the foregoing, the Motion for Reconsideration is **DENIED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: January 9, 2023

Ernest M. Robles
United States Bankruptcy Judge